**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| Yuraima Montenegro, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br>-v.-<br>Unifin, Inc., Jefferson Capital Systems LLC<br><br><br>Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Yuraima Montenegro (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, against Defendant Unifin, Inc., (hereinafter "Defendant Unifin") and Defendant Jefferson Capital Systems LLC (hereinafter "Defendant Jefferson") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## **PARTIES**

7. Plaintiff is a resident of the State of Florida, County of Miami-Dade.

8. Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5996 W Touhy Ave #2000, Niles, IL 60714.

9. Upon information and belief, Defendant Unifin are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address at 16 McLeland Rd., St. Cloud, MN 56303.

11. Defendant Jefferson is engaged in the business of acquiring, or claiming to acquire, delinquent debts and collecting them, both directly and through collection agencies. It is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Upon information and belief, Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. All acts of Defendant Unifin with respect to the collection of this account were conducted as authorized agent for Defendant Jefferson.

## **CLASS ALLEGATIONS**

14. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant Unifin sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Jefferson;

    d. that stated a consumer may make one "payment" or three "payments" towards a "discounted offer", without clearly defining such offer;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf Defendants attempt to collect debts and/or has purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e and 1692f.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e and §1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as Plaintiff has no interests that are adverse to the absent members of the Plaintiff Class. The Plaintiff is committed to vigorously litigating

this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to March 23, 2021, an obligation was allegedly incurred by Plaintiff to American Credit Acceptance LLC.

25. The American Credit Acceptance LLC obligation arose out of transactions in which the funds obtained from the creditor were used primarily for personal, family or household purposes.

26. The alleged American Credit Acceptance LLC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. American Credit Acceptance LLC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. Defendant Jefferson purportedly purchased the alleged debt from American Credit Acceptance LLC. Defendant Unifin contracted with the Defendant Jefferson to collect the alleged debt.

29. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – March 23, 2021 Collection Letter*

30. On or about March 23, 2021, Defendant Unifin sent the Plaintiff a notice (the "Letter") regarding the alleged debt owed. A true and correct copy of the Letter is attached hereto as Exhibit A.

31. The Letter lists the "Amount Due" as $6910.83.

32. Further down in the letter it states:

| 1 payment of $1727.71 towards a discounted offer | 3 payments of $921.44 towards a discounted offer | 12 monthly payments towards the balance in full |
|---|---|---|

To take advantage of the discounted offer(s), please have payment (or first payment) in our office within 45 days from March 23, 2021.

33. The Letter is confusing and deceptive by referring to a "payment" towards a "discounted offer", without clearly defining such offer.

34. The phrase "towards a discounted offer" is open to more than one reasonable interpretation, including:

    i. The total balance due;

    ii. The total amount of the payment made;

    iii. Some amount to be subsequently negotiated;

    iv. A determined amount known to the Defendant but not conveyed to the debtor.

35. The least sophisticated debtor, and the Plaintiff included, is left confused as to whether the payment value listed in the first two options will satisfy the debt entirely or not.

36. The Letter is confusing and deceptive as it fails to state whether or not the debt will be considered settled if the consumer makes the listed payments.

37. Furthermore, the "3 payments" option does not have a due date for the second and third payments.

38. Perhaps those payments are due monthly or perhaps they are due beforehand or afterwards – as only the *first* payment is requested within 45 days from March 23, 2021.

39. It appears that none of the settlement offers have firm due dates as Defendant only *requests* for payment by a specific date, and does not *require* that it be done by that date.

40. The wording of all three options is ambiguous and leaves the Plaintiff consumer with more than one reasonable interpretation for each of the three settlement options.

41. In sum, Plaintiff is unable to determine the amount of the alleged "discounted offer", or whether, if payments are sent, they will be accepted in full settlement. Furthermore, Plaintiff is unable to discern the due dates for some of the settlement installments.

42. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

43. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

44. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

45. Defendants' collection efforts with respect to the subject debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

46. Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately determine the amount, character, and legal status of the debt.

47. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond to or handle Defendants' debt collection.

48. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

15. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16. Defendant violated said section, including § 1692e (2)(A), as Defendants falsely represented the character, amount, and/or legal status of any debt.

17. Defendant violated said section, including § 1692e (10), by using false and deceptive means to collect a debt by:

   a. failing to state when some of the settlement payments were due;

   b. failing to state whether or not the settlement payment(s) would be considered payment in full; and

   c. mentioning a "discounted offer" without describing it.

18. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

20. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

21. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

22. Defendant violated this section by:

    a. failing to state when some of the settlement payments were due;

    b. failing to state whether or not the settlement payment(s) would be considered payment in full; and

    c. mentioning a "discounted offer" without describing it.

23. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yuraima Montenegro, individually and on behalf of all others similarly situated, demands judgment from Defendant Unifin and Defendant Jefferson as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*s/Justin Zeig*
Justin Zeig, Esq.
zlf@zeiglawfirm.com
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
*Attorneys for Plaintiff*